# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT JAMES SWINT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-2194-TLP-tmp |
| | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| INTERNATIONAL PAPER, FEDEX, and | ) | |
| BLUE BIRD, | ) | |
| | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

On March 29, 2021, plaintiff Robert James Swint filed a *pro se* complaint against defendants Tennessee Valley Authority, International Paper, Fedex, and Blue Bird. (ECF No. 1.) Swint also filed a motion to proceed *in forma pauperis* on April 20, 2021, which the undersigned granted on April 29, 2021.[1] (ECF Nos. 5 & 6.) Because Swint is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons stated below, it is recommended that the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction.

### I.    PROPOSED FINDINGS OF FACT

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

Swint alleges that defendants "have been [at] the front and center of many of the world events, controlling population, organization [of] terror attacks, detaining and prosecuting witnesses, and collecting for profit." (Id. at 1.) The remainder of Swint's allegations are difficult to decipher. (Id. at 1-2.) Swint requests $8.8 billion in relief. (Id. at 2.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Section 1915 Screening

Pursuant to § 1915, in proceedings *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not

"accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

Although courts construe pleadings and documents filed by *pro se* litigants liberally, "[t]he basic pleading essentials are not abrogated in *pro se* cases." Freeman v. Sullivan, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to *pro se* litigants has limits."). In other words, even *pro se* complaints must satisfy the plausibility standard. See Barnett, 414 F. App'x at 786; see also Hayes v. Shelby County Tr., 971 F. Supp. 2d 717, 725 (W.D. Tenn. 2013) ("*Pro se* litigants . . . are not exempt from the requirements of the Federal Rules of Civil Procedure.") Courts "have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). Similarly, courts are not "required to create" a *pro se* litigant's claims, Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003), or "ferret out the strongest cause of action on behalf of *pro se* litigants," Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011).

**B.  Subject-Matter Jurisdiction**

While *pro se* pleadings are liberally construed and held to a less stringent standard than one drafted by an attorney, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are so totally "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536–37 (1974)). Allegations of this nature lack "legal plausibility necessary to invoke federal subject matter jurisdiction." Id. at 480. The court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action. Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998); Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir. 1992). Where subject-matter jurisdiction is found to be lacking, dismissal is required. Fed. R. Civ. P. 12(h)(3). Even construing Swint's complaint in the most liberal light, the court submits that the allegations in the complaints are implausible and devoid of merit, and must be dismissed for lack of subject-matter jurisdiction. In the alternative, because the complaint is almost entirely devoid of factual allegations as to any defendant, the

court may dismiss Swint's claims at the § 1915 screening stage for failure to state a claim. See Barnett, 414 F. App'x at 786.

### III. RECOMMENDATION

Based on the above, the court recommends the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 29, 2021
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**