# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROBERT JAMES SWINT, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 2:21-cv-02194-TLP-tmp |
| v. | ) |
| | ) |
| TENNESSEE VALLEY AUTHORITY, | ) |
| INTERNATIONAL PAPER, FEDEX, and | ) |
| BLUE BIRD, | ) |
| | ) |
|     Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Robert James Swint sues Defendants Tennessee Valley Authority, International Paper, FedEx, and Blue Bird under 42 U.S.C. § 1983. (ECF No. 1.) He alleges that Defendants are "front and center of many of the world events, controlling [the] population, organiz[ing] terror attacks, detaining and prosecuting witnesses, and colleting for profit." (*Id.* at PageID 1.) In support of his position, he refers to many newspaper headlines and alleged Congressional bills, though these allegations are difficult to understand. (*Id.* at PageID 1–2.) Plaintiff also asks for 8.8 billion dollars in relief and "any means necessary to get the job done for the successful global power shift." (*Id.* at PageID 2.)

Under Administrative Order 2013-05, the Chief Magistrate Judge entered a Report and Recommendation ("R&R") recommending that this Court dismiss this action sua sponte for lack

of subject matter jurisdiction. (*Id.*) Plaintiff did not object to the R&R. Instead, after the time to object passed, Plaintiff appealed to the Sixth Circuit.[1]

**IN FORMA PAUPERIS CASE SCREENING**

The Court has to screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2). If a case falls into one of these categories, "the court shall dismiss the case at any time . . . ." *Id.* As mentioned above, the Chief Magistrate Judge conducts this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B). And here, the R&R recommends dismissal of the Complaint for lack of subject matter jurisdiction. (ECF No. 7 at PageID 17.)

The Chief Magistrate Judge explained that courts hold pro se pleadings to a less rigorous standard than those drafted by counsel. (*Id*. at PageID 16 (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). Even still, a district court may dismiss a pro se complaint sua sponte (on its own motion) for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999). In other words, if a complaint lacks "the legal plausibility necessary to invoke federal subject matter jurisdiction," the court may dismiss it. *Id*. at 480. A complaint lacks "legal plausibility" when the allegations are "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id*. at 479.

The R&R also explained that a court can raise the issue of its own subject matter jurisdiction and then address it at any time. (ECF No. 7 at PageID 16 (citing *Campanella v.*

---

[1] Objections to the R&R were due 14 days after entry of the R&R—May 13, 2021. Plaintiff appealed on May 17, 2021. The Sixth Circuit has since dismissed his appeal for lack of jurisdiction because the Magistrate Judge's R&R is not a final judgment. (ECF No. 10.)

*Com. Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998))). And if a district court finds that it lacks subject matter jurisdiction, the court must dismiss the action. *Id.*; Fed. R. Civ. P. 12(h)(3)).

Here the Chief Magistrate Judge found that, even liberally construing Plaintiff's complaint, his allegations are "implausible and devoid of merit." (ECF No. 7 at PageID 16.) As a result, the R&R recommends dismissal of Plaintiff's complaint for lack of subject matter jurisdiction. (*Id.*) In the alternative, the Chief Magistrate Judge recommends that the Court dismiss the Complaint at the § 1915 screening stage for failure to state a claim. (*Id.*) This is because the Complaint "is almost entirely devoid of factual allegations as to any defendant." (*Id.*)

## ADOPTING THE R&R

Under the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Plaintiff did not object to the R&R during the 14-day statutory period, and the time for filing objections has now expired. *See id.* "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Here Plaintiff did not object to the Chief Magistrate Judge's order. Having reviewed the R&R and the entire record here, this Court finds no clear error and agrees with the Chief Magistrate Judge's conclusions of law. This Court thus **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

**SO ORDERED**, this 21st day of June, 2021.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE